# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CHAFFIN WALL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:24–CV–00356–SAB SS<br><br>SCHEDULING ORDER,<br>SOCIAL SECURITY CASE |

Plaintiff seeks judicial review of an administrative decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for disability benefits under the Social Security Act.  This case is before United States Magistrate Judge Stanley A. Boone pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and Local Rule 302(c)(15).

Should the parties wish to consent to the jurisdiction of the Magistrate Judge for all purposes, including for the entry of final judgment, they may do so using the "Consent to Assignment or Request for Reassignment" form. See 28 U.S.C. § 636(c).  There is no obligation to consent, and the judges will not be notified of a party's designation unless all parties have consented. See Fed. R. Civ. P. 73(b)(1). If any party requests reassignment to a United States District Judge, the Clerk of the Court will assign a random District Judge as presiding judge, with the Magistrate Judge continuing for those purposes anticipated by the Local Rules. Accordingly, within 90 days, all parties shall complete and return the enclosed Consent to Assignment or Request for Reassignment form.

/////

Good cause appearing and pursuant to Fed. R. Civ. P. 16, the Court ORDERS:

1. In an action for judicial review filed by a single plaintiff solely against the Commissioner of the Social Security Administration that raises claims pursuant to 42 U.S.C. § 405(g) only, service on the Defendant shall proceed under the Court's e-service program as follows. Once a summons is issued, the Clerk of Court shall deliver to the Defendant and the United States Attorney's Office at their designated email addresses a notice of electronic filing of the action along with the summons and complaint. The summons and complaint shall be deemed served on the Defendant following notation on the docket of the delivery by the Clerk of the Court. Receipt of the summons and complaint shall also be acknowledged by the Defendant through an acknowledgement of service docket entry. The Defendant has agreed not to raise a defense of insufficient service of process if provided with notice of the complaint and summons as detailed in this order. This order is not intended to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure.

2. **Within 60 days after e-service of the complaint**, the Defendant shall file a copy of the administrative record. The filing of the administrative record shall be deemed an answer to the complaint. The administrative record shall be filed electronically and, to the extent practicable, in Optical Character Recognition ("OCR") format.

3. **Within 30 days after service of the administrative record**, the Plaintiff shall file the motion for summary judgment.

4. **Within 30 days after service of the Plaintiff's motion for summary judgment**, the Defendant shall file the cross-motion for summary judgment and opposition.

5. **Within 14 days after service of the Defendant's cross-motion for summary judgment and opposition**, the Plaintiff shall file any optional reply brief.

6. In those cases where a Fed. R. Civ. P. 12 motion to dismiss is warranted, the Defendant shall file a motion to dismiss in lieu of filing the administrative record. The motion to dismiss shall be filed within 60 days of service of the complaint. The opposing brief shall be filed within 14 days after service of the motion. The reply brief shall be filed within 7 days after service of the opposition brief. The motion to dismiss shall NOT be noticed for hearing.

/////

7. All references to the record and all assertion of fact must be accompanied by citations to the record. The parties' motions for summary judgment shall contain the following:

    (a) A description of the Plaintiff's alleged physical or emotional impairments, including when the Plaintiff contends the impairments became disabling, and how these impairments disable the Plaintiff from work;

    (b) A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

    (c) A summary of the relevant testimony at the administrative hearing;

    (d) A recitation of the Defendant's findings and conclusions relevant to the Plaintiff's claims;

    (e) A short, separate statement of each of the Plaintiff's legal claims stated in terms of the insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

    (f) Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

8. Motions for attorney fees shall be filed within 30 days after entry of final judgment.

9. Requests for modification of this briefing schedule will not routinely be granted. Any such request must be made by written stipulation or motion and will be granted only for good cause. A request for a modification brought on the filing deadline, will be looked upon with disfavor. Local Rule 144(d). If such a request is made after a deadline, the party seeking the *nunc pro tunc* modification must show additional good cause as to why the matter was filed late.

10. Violations of this order or of the Federal Rules of Civil Procedure or the Local Rules may result in sanctions pursuant to Local Rule 110.

                                             /s/ STANLEY A. BOONE  
                                             UNITED STATES MAGISTRATE JUDGE