1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB C. W.,[1] | Case No. 1:24-cv-00356-SAB |
| Plaintiff, | ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| v. | (ECF Nos. 14, 16) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.

## INTRODUCTION

Plaintiff Jacob C. W. ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to adequately explain why certain portions of state agency consultant opinions were not incorporated into

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1  Plaintiff's residual functioning capacity assessment.

2       For the reasons set forth below, the Court will affirm the decision of the Commissioner.

3                                             **II.**

4                                      **BACKGROUND**

5       **A.      Procedural History**

6       On October 23, 2020, Plaintiff protectively filed a Title XVI application for supplemental

7  security income, and on October 29, 2020, Plaintiff filed an application for child's insurance

8  benefits based on disability.  (ECF No. 11, Administrative Record ("AR"), 21.)   In both

9  applications, Plaintiff alleged disability beginning on March 1, 2020.  (Id.)   Plaintiff's

10  applications were initially denied on May 7, 2021, and denied upon reconsideration on July 16,

11  2021.  (Id.)  On September 4, 2021, Plaintiff requested a hearing before an ALJ.  (Id.)  On

12  September 1, 2022, Plaintiff, represented by counsel, appeared for a telephonic hearing in front of

13  an ALJ where Plaintiff and vocation expert ("VE") Randy J. Salmons testified.  (Id.)  On October

14  3, 2022, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 32.)   On

15  October 23, 2023, the Appeals Council denied Plaintiff's request for review.  (AR 5-7.)

16       **B.      The ALJ's Findings of Fact and Conclusions of Law**

17       In the decision, the ALJ found that Plaintiff was born on February 1, 2002, and had not

18  attained the age of 22 as of March 1, 2020, the alleged onset date.  (AR 24.)  The ALJ then found

19  that Plaintiff had not engaged in substantial gainful activity since March 1, 2020, the alleged onset

20  date.  (Id.)  The ALJ found that Plaintiff had the following severe impairments: attention deficit

21  hyperactivity disorder, autistic disorder, anxiety disorder, and Asperger's syndrome.  (Id.)

22  However, Plaintiff did not have an impairment or combination of impairments that met or

23  medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart

24  P, Appendix 1.  (Id.)

25       After considering the entire record, the ALJ found that Plaintiff had the residual functional

26  capacity ("RFC") to perform a full range of work at all exertional levels but with the following

27  non-exertional limitations: Plaintiff can understand, remember, and carry out simple instructions

28  in the workplace; Plaintiff can work a low stress job, defined as making only occasional decisions

1   and tolerating only occasional changes in the work setting; and Plaintiff can perform repetitive

2   work but not work requiring a specific production rate, such as assembly line work.  (AR 26.)

3         The ALJ then found that that Plaintiff has no past relevant work, he was 18 on the alleged

4   onset date, and he had at least a high school education.  (AR 30-31.)  The ALJ discussed that

5   transferability of job skills was not material to the determination of disability because Plaintiff did

6   not have past relevant work.  (AR 31.)  Considering Plaintiff's age, education, work experience,

7   and RFC, the ALJ found that there were jobs that existed in significant numbers in the national

8   economy that Plaintiff could perform.  (Id.)  Accordingly, the ALJ concluded that Plaintiff had

9   not been under disability, as defined by the Social Security Act, from March 1, 2020, through the

10  date of the decision, October 3, 2022.  (AR 32.)

11        Plaintiff sought timely review of the Commissioner's decision in the federal courts.  (ECF

12  No. 1.)  The parties consented to the jurisdiction of the United States Magistrate Judge.  (See ECF

13  Nos. 8, 9.)  Thereafter, the parties filed their briefs on the matter.[2]

14                                           **III.**

15                                    **LEGAL STANDARD**

16        **A.     The Disability Standard**

17        To qualify for disability insurance benefits under the Social Security Act, a claimant must

18  show she is unable "to engage in any substantial gainful activity by reason of any medically

19  determinable physical or mental impairment which can be expected to result in death or which has

20  lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

21  423(d)(1)(A).  The Social Security Regulations set out a five-step sequential evaluation process to

22

23  ───────────────────────
    [2] On December 1, 2022, the Supplemental Rules for Social Security became effective.  Rule 5 states, "[t]he action is
24  presented for decision by the parties' briefs."  Fed. R. Civ. P. Appx. Rule 5.  The 2022 Advisory Committee noted
    that "Rule 5 states the procedure for presenting for decision on the merits a [42 U.S.C.] § 405(g) review action that
25  is governed by the Supplemental Rules."  Fed. R. Civ. P. Appx. Rule 5 advisory committee note 2022.  Like an
    appeal, "the briefs present the action for decision on the merits.  This procedure displaces summary judgment or
26  such devices as a joint statement of facts as the means of review on the administrative record."  Id.  The 2022
    Advisory Committee unambiguously clarified that "Rule 5 also displaces local rules or practices that are inconsistent
27  with the simplified procedure established by these Supplemental Rules for treating the action as one for review on
    the administrative record."  Id.  Here, Plaintiff filed a motion for summary judgment, which the Court will construe
28  as a brief in support of his position on whether the Court should affirm, modify, or reverse the decision of the
    Commissioner.  42 U.S.C. § 405(g).

be used in determining whether a claimant is disabled.  20 C.F.R. § 404.1520;[3]  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?  If so, proceed to step three.  If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).  The burden of proof is on the claimant at steps one through four.  Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).  A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[4]  "[I]t is the responsibility of the ALJ, not the

---

[3] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

[4] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner.  20 C.F.R. § 402.35(b)(1).  While SSRs do not carry the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

1  claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d

2  1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

3       At step five, the burden shifts to the Commissioner, who must then show that there are a

4  significant number of jobs in the national economy that the claimant can perform given her RFC,

5  age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsbury v. Barnhart, 468 F.3d

6  1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines

7  ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2;

8  Lounsbury, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).

9  "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility,

10  resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149

11  (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

12       **B.    Standard of Review**

13       Congress has provided that an individual may obtain judicial review of any final decision

14  of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In

15  determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only

16  those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517

17  n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one;

18  the Court may not disturb the Commissioner's final decision unless it is based on legal error or

19  the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v.

20  Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is

21  not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more

22  than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as

23  adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024)

24  (quoting Ford, 950 F.3d at 1154). In other words, "[s]ubstantial evidence is relevant evidence

25  which, considering the record as a whole, a reasonable person might accept as adequate to support

26  a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of

27  Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

28       Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454

1   F.3d at 1055-56.  "An error is harmless only if it is 'inconsequential to the ultimate nondisability

2   determination.'"  Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023) (quoting Lambert v.

3   Saul, 980 F.3d 1266, 1278 (9th Cir. 2020)).  The burden of showing that an error is not harmless

4   "normally falls upon the party attacking the agency's determination."  Molina v. Astrue, 674 F.3d

5   1104, 1111 (9th Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

6       Finally, "a reviewing court must consider the entire record as a whole and may not affirm

7   simply by isolating a specific quantum of supporting evidence."  Hill v. Astrue, 698 F.3d 1153,

8   1159 (9th Cir. 2012) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).

9   Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the

10  Court may review only the reasons stated by the ALJ in his decision.  Orn v. Astrue, 495 F.3d

11  625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  It is

12  not this Court's function to second guess the ALJ's conclusions and substitute the Court's

13  judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational

14  interpretation, it is the ALJ's conclusion that must be upheld."  Ford, 950 F.3d at 1154 (quoting

15  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

16                                          **IV.**

17                              **DISCUSSION AND ANALYSIS**

18      Plaintiff argues that the ALJ erred by assessing the opinions of state agency consultants as

19  "significantly persuasive" but failed to account for all limitations assessed in those opinions when

20  calculating Plaintiff's RFC.  (ECF No. 14, p. 10.)  Specifically, Plaintiff takes issue that certain

21  state agency assessments contained opinions that Plaintiff could perform simple 1-2 step tasks as

22  well as simple instructions, but the ALJ's RFC contained only the broader limitation of simple

23  instructions.  (Id. at pp. 11-12.)  Plaintiff then asserts that record evidence supports a finding that

24  Plaintiff should have been limited to perform simple 1-2 step tasks and that this constitutes

25  reversable error.  (Id. at pp. 12-14.)  The Commissioner opposes, arguing that the ALJ's RFC

26  determination correctly included Plaintiff's maximum sustained work capacity.  (ECF No. 16, pp.

27  5-7.)  Even assuming there was error, the Commissioner argues that any such error was harmless.

28  (Id. at pp. 7-8.)  The Court agrees with the Commissioner.

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  SSR 96-8p, 1996 WL 374184, at *2 (emphasis in original).  In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*."  Id. (emphasis in original).  An ALJ assesses an RFC "based on all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as well as reviewing any "consultative examination(s)" and, where applicable, persuasive prior administrative medical findings ("PAMFs").  Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa."  Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022), quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017).  "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  Id., quoting 20 C.F.R. § 404.1520c(a).  Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence."  20 C.F.R. § 404.1520c(c)(1); see also 20 C.F.R. § 416.920c(c)(1).  Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."  20 C.F.R. § 404.1520c(c)(2); see also 20 C.F.R. § 416.920c(c)(2).

"The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion."  Woods, 32 F.4th at 792, citing 20 C.F.R. § 404.1520c(c)(3).  Therefore, "an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records."  Id., citing 20 C.F.R. §

1 | 404.1520c(c)(3)(i)-(v).  That said, "the ALJ no longer needs to make specific findings regarding
2 | these relationship factors."  Id.

3 |      In the decision below, the ALJ found, as part of Plaintiff's RFC assessment, Plaintiff had
4 | the nonexertional limitation that "[Plaintiff] can understand, remember, and carry out simple
5 | instructions in the workplace."  (AR 26.)  In support of this determination, the ALJ cited to state
6 | agency consultant opinions.  (AR 28.)  When describing those opinions, the ALJ observed that
7 | "[i]t was also opined at both the initial and reconsideration levels that the claimant could maintain
8 | concentration, persistence, and pace for simple 1-2 step tasks; and that he was able to adapt
9 | appropriately to routine work situations."  (Id.)  The ALJ then cited to the specific opinions, which
10 | the Court will summarize below.

11 |      On April 15, 2021, Stephen P. Saxby, Ph.D., conducted an initial assessment of both
12 | Plaintiff's disability insurance and childhood disability claims.  (AR 88-125.)  Dr. Saxby began by
13 | noting that the objective mental health medical evidence demonstrated that "[o]verall based on
14 | [history and] the current exam recommending [claimant] could sustain simple tasks."  (AR 97, 99.)
15 | In particular, Dr. Saxby highlighted an April 6, 2021 opinion from Steven C. Swanson, Ph.D., that
16 | found that Plaintiff could be "expected to understand, carry out, and remember simple
17 | instructions."  In his analysis, Dr. Saxby found that there was "no evidence of limitation" in
18 | Plaintiff's "ability to carry out very short and simple instructions."  (AR 102.)  Dr. Saxby also
19 | found that Plaintiff was "[n]ot significantly limited" in his "ability to make simple work-related
20 | decisions."  (Id.)  Regarding the ability to maintain concentration, persistence, and pace, Dr. Saxby
21 | opined that Plaintiff could maintain "for simple 1-2 step tasks."  (AR 103.)[5]

22 |      On September 13, 2021, Leslie E. Montgomery, Ph.D., A.B.P.P., conducted a
23 | reconsideration assessment of both Plaintiff's disability insurance and childhood disability claims.
24 | (AR 128-165.)  Dr. Montgomery also highlighted the April 6, 2021 opinion from Dr. Swanson that
25 | found that Plaintiff could be "expected to understand, carry out, and remember simple
26 | instructions."  (AR 150.)  Dr. Montgomery noted that the objective medical evidence demonstrated

27 |

28 | [5] Dr. Saxby's April 15, 2021 assessment regarding Plaintiff's separate childhood disability claim mirrors, in relevant part, his assessment regarding Plaintiff's disability insurance claim.  (See AR 107-125.)

1  that "[t]he adjudicative team determined the [claimant] could, sustain and concentrate on simple

2  work related tasks." (AR 155.)  In his assessment, Dr. Montgomery also explained that "[o]verall

3  based on [history and] the current exam recommending [claimant] could sustain simple tasks."

4  (AR 157.)  As Dr. Saxby did, Dr. Montgomery found that that there was "no evidence of

5  limitation" in Plaintiff's "ability to carry out very short and simple instructions," as well as that

6  Plaintiff was "[n]ot significantly limited" in his "ability to make simple work-related decisions."

7  (AR 160-61.)  Dr. Montgomery also found that regarding the ability to maintain concentration,

8  persistence, and pace, Saxby opined that Plaintiff could maintain for "simple 1-2 step tasks."  (AR

9  161.)[6]

10      The ALJ found "[found] the limitations opined at the initial level significantly persuasive

11  and the limitations opined at the reconsideration level persuasive," extensively discussing how

12  these opinions were supported by and consistent with the record.  (AR 28, citing AR 366-78, 1061-

13  02, 1605-09, 1633-37, 1644-51, 1690, 1722, 1926-32, 1948, 1958-60, 1971-72, 2002, 2004, 2009,

14  2015, 2019.)

15      The Court has previously encountered this exact argument and has previously determined

16  that "[w]here a State agency consultant finds that a claimant can perform both simple work, and

17  one-to-two-step tasks, an RFC for simple work accounts for the limitations contained in the

18  consultant's findings because the most a claimant can do based on such a PAMF would be simple

19  work."  Tover v. Comm'r of Soc. Sec., No. 23-cv-00016-SAB, 2024 WL 457535, at *7 (E.D. Cal.

20  Feb. 6, 2024) (collecting cases).  Significantly, in Dunn v. O'Malley, the Ninth Circuit recently

21  countenanced this analysis.  No. 23-55707, 2024 WL 3439583, at *2 (9th Cir. July 17, 2024)

22  (mem.).  The Court observed that where there is a state agency doctor who opines that a claimant

23  can perform both "simple instructions" and "simple one[-] to two[-]step (unskilled tasks)," and

24  where the ALJ subsequently adopts "simple instructions" into the RFC, the ALJ has, in reality,

25  resolved a conflict in the testimony.  Id. at *1-*2.  The Ninth Circuit explained that "[b]ecause the

26  doctors opined that [the plaintiff] could perform both kinds of tasks, the ALJ's decision to adopt

27  _____

28  [6] Dr. Montgomery's September 13, 2021 assessment regarding Plaintiff's separate childhood disability claim
mirrors, in relevant part, his assessment regarding Plaintiff's disability insurance claim.  (See AR 128-146.)

1    the broader limitation was reasonable." Id. at *2, citing 20 C.F.R. §§ 404.1545(a), 416.945(a).

2    Accordingly, the Court upheld the ALJ's conclusion. Id., quoting Woods, 32 F.4th at 788.

3         The Court finds that Plaintiff's argument here is indistinguishable, in relevant part, from

4    Dunn and Tovar.[7]  Here, Drs. Saxby and Montgomery both opined that that there was no evidence

5    of limitation in Plaintiff's ability to carry out very short and simple instructions, as well as that

6    Plaintiff was not significantly limited in his ability to make simple work-related decisions.

7    Thereafter, both doctors also opined that Plaintiff could maintain for simple 1-2 step tasks.  The

8    ALJ then adopted the broader limitation into the RFC, which the Court finds was reasonable.  See

9    20 C.F.R. §§ 404.1545(a), 416.945(a).  Therefore, "the ALJ's conclusion must be upheld."

10   Woods, 32 F.4th at 788.

11        While Plaintiff has identified other opinions, both medical and lay, that he asserts supports

12   his position, Plaintiff does not contest the ALJ's credibility determinations as to those opinions.

13   (ECF No. 14, pp. 12-14.)  Thus, it appears that Plaintiff is asking the Court to reweigh evidence or

14   consider evidence in a way the ALJ did not when calculating Plaintiff's RFC.  That, of course, is

15   not the purpose of judicial review of an administrative decision by the Commissioner of Social

16   Security.  See Ford, 950 F.3d at 1154.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   _____

28   [7] Indeed, Plaintiff does not rebut Dunn or Tovar, which were raised by the Commissioner in his responsive brief. (See ECF Nos. 16, 17.)

V.

**CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED.  It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Jacob C. W. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 6, 2025**

_____
STANLEY A. BOONE
United States Magistrate Judge

11